IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

ELIZABETH CHERLYN WYLIE,

    Plaintiff,

vs.                                                  No. 1:13-cv-00244-JCH/SCY

ZUNI PUBLIC SCHOOL DISTRICT #89,
MIKE HYATT, MARTIN ROMINE,
LORETTA DELONG, and
TAMMY GERARD,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants Zuni Public School District #89, Mike Hyatt, Martin Romine, and Tammy Gerard's (collectively, "Defendants")[1] Motion to Dismiss (ECF No. 22), filed June 6, 2013. Plaintiff submitted her Response in Opposition (ECF No. 24) on June 24, 2013. Defendants filed a Reply (ECF No. 28) on July 28, 2013. Defendants ask the Court to dismiss Plaintiff's complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and because they are entitled to qualified immunity. Having considered the pleadings, briefs, and applicable law, the Court will grant Defendants' Motion to Dismiss in part.  The Court will dismiss Plaintiff's claim for unlawful retaliation in violation of the First Amendment's right to speech for failure to state a claim.  As for Plaintiff's remaining state law claims, the Court will decline to exercise supplemental jurisdiction and remand those claims to state court.

---

[1] Counsel for Defendants have not entered an appearance on behalf of Ms. DeLong because she is "no longer employed by the [Zuni Public School] District and…is no longer living in New Mexico." Because the Court will dismiss all of Plaintiff's claims against the individually-named Defendants in this case, Ms. DeLong's status as an unrepresented party is of no import.

1

**FACTUAL BACKGROUND**[2]

These assertions of fact form the basis for Plaintiff's claims in her Second Amended Civil Complaint for Damages and Injunctive Relief (ECF No. 19) ("Complaint"): Defendant Zuni Public School District # 89 ("Zuni" or "ZPSD") has employed Plaintiff for 20 consecutive years. Complaint ¶¶ 8, 11. Plaintiff is a veteran teacher with a written contract of employment with Zuni. *Id.* ¶ 8, 15(g). The contract provides that it "may be cancelled by the Superintendent for just cause, provided, that any such cancellation may be effected only in accordance with New Mexico law and any applicable rules and regulations of the State Board of Education or the School District." Employment Contract ¶ 6, ECF No. 22-1.

At some point, Plaintiff reported dangerous conditions and misconduct at the school district. *See* Complaint ¶ 15(a). Specifically, she pointed out faulty wiring in one of her classrooms that would repeatedly set off school fire alarms. *Id.* ¶ 15(i). The classroom was "red tagged" to indicate it was a fire hazard, yet Zuni's personnel scraped off the red tag without any serious effort to address the faulty wiring. *Id.* ¶ 15(j)-(l). Even after repeatedly notifying "her superiors" of the dangerous wiring, Zuni forced Plaintiff to continue teaching her students in that classroom. *Id.* ¶ 15(m)-(n). Plaintiff and her students could smell the odor of the wiring overheating. *Id.* ¶ 15(o). Rather than fixing the wiring problems, "ZPSD reprimanded Plaintiff, claiming that her complaints 'violated the chain of command.'" *Id.* ¶ 15(p).

---

[2] Federal Rule of Civil Procedure 12(d) forbids a court from consulting matters outside the pleadings in ruling on a motion to dismiss under Rule 12(b)(6). It is well-established, however, that "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff's complaint refers to a "written contract of employment." Complaint ¶ 8. Defendant submitted for the Court's consideration the written employment contract, *see* Def.'s Mot. to Dismiss, Ex. A ("Employment Contract"), ECF No. 22-1, as well as the Collective Bargaining Agreement between ZPSD and the Zuni Federation of United School Employers Local 4905, *see id.*, Ex. B ("CBA"), ECF No. 22-2. Plaintiff does not dispute the authenticity of Defendants' submissions or the propriety of this Court's consideration of those submissions; indeed, Plaintiff argues that their provisions provide substantive grounds for denying Defendants' Motion to Dismiss. Accordingly, the Court may consider Plaintiff's Employment Contract and the CBA, without converting the motion to dismiss into one for summary judgment.

Plaintiff and her students were eventually transferred to a different classroom, but this room "had obvious mold problems—including leaks and the smell of mold throughout the classroom." *Id.* ¶ 15(q)-(r). Plaintiff "reported these health hazards as she did the faulty wiring hazards." *Id.* ¶ 15(s).

In addition to these conditions, Plaintiff "reported the misuse of a federally funded program for credit recovery." *Id.* ¶ 15(t). "ZPSD attempted to use Plaintiff's name as teacher for a student, while telling her that she would actually have no responsibility for that student." *Id.* ¶ 15(u). "Because Plaintiff believed that this was unethical, she complained about it to proper school authorities." *Id.* ¶ 15(v).

In response to Plaintiff's "reports of dangerous and life threatening conditions at her place of employment, public school classrooms, Plaintiff was involuntarily transferred out of her classroom, and out of the school district completely." *Id.* ¶ 15(a). Specifically, Defendants transferred Plaintiff to a "correctional detention center in the Zuni area" where there was no existing teaching position. *Id.* ¶¶ 15(a)–(c). When she arrived at the detention center, Plaintiff had no classroom and no job description to guide her employment. *Id.* ¶ 15(d)-(e). When she finally received one, the description revealed a severe demotion, because her duties were well below those normally afforded a "veteran teacher with decades of experience;" instead, her duties were those an entry-level data clerk could perform. *See id.* ¶¶ 15(f)–(g).

Plaintiff alleges the above facts give rise to claims for breach of contract, the tort of wrongful termination, retaliation in violation of Plaintiff's right to freedom of speech under the First Amendment, and violation of the New Mexico Whistleblower Protection Act, N.M. Stat. Ann. 10-16C-1 *et seq.*.

**LEGAL STANDARD**

In evaluating a motion to dismiss a complaint for failure to state a claim under Rule 12(b)(6), this Court must "accept as true all well-pleaded facts [in the complaint], as distinguished from conclusory allegations, and view the facts in the light most favorable to the nonmoving party[.]" *Archuleta v. Wagner*, 523 F.3d 1278, 1282–83 (10th Cir. 2008) (quotation and alteration omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint need not plead with specificity the facts which give rise to a claim; nonetheless, it must provide a sufficient foundation for concluding that the named defendants had a plausible and not merely conceivable role in the complained-of conduct. *Id.* at 680. In other words, the complaint must do something, however minimal, to "nudge" its claims from the realm of the conceivable to the realm of the plausible. *Id.*

The same is true for a motion to dismiss on the basis of qualified immunity. *Id.* However, the Court must conduct this review in light of qualified immunity's unique nature, which imposes a "heavy two-part burden" on a plaintiff: "First, the plaintiff must demonstrate that the defendant's actions violated a constitutional or statutory right. Second, the plaintiff must show that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Archuleta*, 523 F.3d at 1283 (quotation omitted).

**DISCUSSION**

**I.      First Amendment Claim**

A government entity is barred from "condition[ing] public employment on a basis that infringes the employee's constitutionally protected interest in freedom of expression." *Lytle v. City of Haysville,* 138 F.3d 857, 863 (10th Cir. 1998) (quoting *Connick v. Myers,* 461 U.S. 138,

142 (1983)). The Tenth Circuit Court of Appeals applies the following five-factor test to evaluate whether terminating a public employee for speech violates the First Amendment:

> (1) whether the speech was made pursuant to an employee's official duties; (2) whether the speech was on a matter of public concern; (3) whether the government's interests, as employer, in promoting the efficiency of the public service are sufficient to outweigh the plaintiff's free speech interests; (4) whether the protected speech was a motivating factor in the adverse employment action; and (5) whether the defendant would have reached the same employment decision in the absence of the protected conduct.

*Morris v. City of Colorado Springs*, 666 F.3d 654, 661 (10th Cir. 2001) (quoting *Dixon v. Kirkpatrick,* 553 F.3d 1294, 1302 (10th Cir. 2009)). The first three questions are a matter of law for this Court to decide; the final two are questions of fact. *Id.*

A plaintiff need not show that she was actually discharged in order to show that her continued employment was conditioned on some infringement of her protected interest in freedom of expression; she need only show that her protected conduct resulted in an "adverse employment action[.]" *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 492 F.3d 1192, 1207 (10th Cir. 2007) (citation omitted). The Tenth Circuit Court of Appeals has explicitly noted that "[a]ctions short of an actual or constructive employment decision can in certain circumstances violate the First Amendment." *Morfin v. Albuquerque Pub. Schs.,* 906 F.2d 1434, 1437 n. 3 (10th Cir. 1990).

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). While Federal Rule of Civil Procedure 8(a)(2) requires only that a Plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief," it nonetheless requires the Plaintiff to make factual allegations that "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal

quotation and alteration omitted). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice to allege a claim that can survive a motion to dismiss under Rule 12(b)(6). *Id.* (citation omitted). As the Tenth Circuit has explained:

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Defendants and Plaintiff agree that "the complaint does not set forth which Defendants were directly responsible for" the alleged adverse employment action. Pl.'s Resp. 6, ECF No. 24. Plaintiff nonetheless argues that "the named Defendants were generally the persons at the school district who were responsible for these types of decisions" (that is, the decision to transfer her). *See id.* This contention, however, is nowhere to be found in the complaint itself. Instead, as to the individually named Defendants (the "Agent Defendants"), Plaintiff alleges that they are agents in the employ of Zuni, that they were well aware that Plaintiff had spoken on a matter of public concern and importance, and that retaliatory animus based on Plaintiff's exercise of her free speech rights "was a substantial[] motivating factor in the Agent Defendants' decision to constructively discharge Plaintiff." Complaint ¶¶ 32, 36-37. Although Plaintiff states that she notified "her superiors" of the dangerous classroom conditions, *id.* ¶ 15(m), and that she complained about the improper use of her name as a teacher for a student to "proper school authorities," *id.* ¶ 15(u)-(v), she nowhere states that any or all of the Agent Defendants was a superior of hers or one of the school authorities.

Plaintiff's recitation of facts is almost entirely phrased in the passive voice without tying any of the individually-named defendants to the complained-of actions. *See, e.g.,* Complaint ¶¶ 15(a) ("Plaintiff was involuntarily transferred"), 15(b) ("Plaintiff has been transferred…."), 15(f) ("A job description was created only after…."). While Plaintiff does allege that Zuni reprimanded her for her complaints and were responsible for her constructive discharge, her allegation that the individually-named Defendants were "agents" of Zuni is exactly the kind of conclusory statement that the Supreme Court held insufficient to state a claim for relief under Rule 8 in *Twombly* and *Iqbal*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) ("the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context."). Here, Plaintiff has asked the Court to accept as fact allegations of the kind *Iqbal* and *Twombly* forswear: conclusory assertions that Defendants were "agents" of Zuni without any reference to factual context that would allow such an inference or an inference that the individual Defendants were responsible for her involuntary transfer. The Court will therefore dismiss Plaintiff's § 1983 claim against the individual Defendants. *Cf. Robbins*, 519 F.3d at 1250 (holding that complaint failed to provide fair notice to defendants where it did not differentiate among defendants, and instead, collectively alleged violations by "Defendants").

Plaintiff's First Amendment claim appears to be against the individual Defendants only, not ZPSD. To the extent Plaintiff intended to allege a separate First Amendment claim against ZPSD, the Court will dismiss that claim for failure to allege sufficient facts to support a municipal liability claim. *See Monell v. New York City Department of Social Services*, 436 U.S. 658, 691, 694 (1978) (holding that municipalities cannot be held liable under Section 1983 on a respondeat superior theory for merely employing a tortfeasor; instead, they are subject to Section 1983 liability only when their official policies or customs cause a plaintiff's injuries); *Pembaur*

*v. City of Cincinnati*, 475 U.S. 469, 480-83 (1986) (explaining that, although a single decision may give rise to municipal liability, only decisions made by persons with final policymaking authority can subject a municipality to Section 1983 liability); *Milligan-Hitt v. Board of Trustees of Sheridan County Sch. Dist. No. 2*, 523 F.3d 1219, 1223 (10th Cir. 2008) (stating that, because school district had no official policy of sexual-orientation discrimination, it could only be liable under Section 1983 if plaintiffs showed their rights were violated by one of district's final policymakers).

## II.  State Law Claims

Congress has granted federal courts supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). A court may *sua sponte* decide whether to exercise supplemental jurisdiction over a remaining state claim. *See, e.g.*, *Porter v. Williams*, 436 F.3d 917, 920 (8th Cir. 2006). Because the Court will dismiss the only federal claim in this case, the Court declines to exercise supplemental jurisdiction over the remaining state claims at issue in this case for reasons of comity and federalism. The state court is in a better position to interpret and apply the appropriate state law to resolve the state law claims, particularly with respect to the claim under the New Mexico Whistleblower Protection Act for which the case law has not yet been well developed. Moreover, this case is early in the litigation and discovery has been stayed pending a decision on qualified immunity. *See* Order Granting Def.'s Mot. to Stay Discovery, ECF No. 27. Considerations of economy and convenience therefore do not compel retention of the state-law

claims. *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (recognizing that, when "federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine--judicial economy, convenience, fairness, and comity--will point toward declining to exercise jurisdiction over the remaining state-law claims").

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (**ECF. No. 22**) is **GRANTED in part and DENIED in part as follows:**

1. The Court **GRANTS** Defendants' request to dismiss Plaintiff's Third Claim for Relief for violation of Plaintiff's First Amendment Right to Speech under Federal Rule of Civil Procedure 8 and 12(b)(6);

2. The Court **DENIES** Defendants' request to dismiss Plaintiff's First, Second, and Fourth Claims for Relief on the merits and instead **REMANDS** those claims to the Eleventh Judicial District, County of McKinley, State of New Mexico.

_____
JUDITH C. HERRERA
UNITED STATES DISTRICT JUDGE